UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIFF SCALE OPERATION RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CALIX, INC.,<br><br>Defendant. | Case No. 2:18-cv-59-JRG-RSP<br><br>**FILED UNDER SEAL** |

**DEFENDANT CALIX, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER 28 U.S.C. § 1406 OR, ALTERNATIVELY, FOR TRANSFER**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................1

II.  LEGAL STANDARDS .......................................................................................................1

III. ARGUMENT .......................................................................................................................2

    A.   Calix Does Not "Reside" in this District ..................................................................2

    B.   Calix Lacks a "Regular and Established Place of Business" in this District .........2

    C.   In the Alternative, the Court Should Transfer this Matter to the Northern District of California .................................................................................................................4

IV.  CONCLUSION ................................................................................................................…7

## **TABLE OF AUTHORITIES**

**Cases**

*In re Cray*
   871 F.3d 1355, 1360 (Fed. Cir. 2017)..................................................................................1, 3

*In re ZTE (USA), Inc*
   No. 2018-113, slip op. (Fed. Cir. May 14, 2018)................................................................2, 3

*TC Heartland LLC v. Kraft Foods-Group Brand*
   137 S. Ct. 1514, 1517 (2017).................................................................................................1, 2

**Statutes**
28 U.S.C. § 1406............................................................................................................................1, 2, 4
28 U.S.C. § 1400(b).........................................................................................................................1, 3

Pursuant to Fed. R. Civ. P. 12(b)(3), Defendant Calix, Inc. ("Calix") files this motion to dismiss the Complaint for improper venue under 28 U.S.C. § 1406. In the alternative, Calix seeks transfer to the Northern District of California.

## I.   INTRODUCTION

Venue for this patent infringement case is improper. First, Calix does not "reside" in the Eastern District of Texas because it is a Delaware corporation. Second, Calix lacks a "regular and established place of business" in the Eastern District of Texas. Calix does not have any physical presence—no facilities, no property, no showrooms, no stores, and no offices—in the District. Nor has Calix represented that it has such a presence. Accordingly, Plaintiff's claims against Calix should be dismissed for improper venue. Alternatively, this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1406 because the majority of Calix's facilities, personnel and business activities are located there.

## II.   LEGAL STANDARDS

Under 28 U.S.C. § 1400(b), venue in a patent infringement case is only proper in: (1) the district where the defendant "resides," or (2) a district where the defendant has committed acts of infringement and has a "regular and established place of business." *TC Heartland LLC v. Kraft Foods-Group Brand*, 137 S. Ct. 1514, 1517 (2017). A domestic corporate defendant "resides" only in its State of incorporation for purposes of § 1400(b). *Id*. at 1521.

The Federal Circuit's directive in *In re Cray* made it clear: for venue in a patent infringement case to be proper under § 1400(b), "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any statutory requirement is not satisfied, venue is improper under § 1400(b). *Id*.

1

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."

Upon motion by the defendant challenging venue in a patent case, the plaintiff bears the burden of establishing proper venue. *In re ZTE (USA), Inc.*, No. 2018-113, slip op. (Fed. Cir. May 14, 2018).

### III.    ARGUMENT

Venue in a patent infringement case is only proper in: (1) the district where the defendant "resides," or (2) a district where the defendant has committed acts of infringement and has a "regular and established place of business." *TC Heartland*, 137 S. Ct. at 1517.

#### A. Calix Does Not "Reside" in this District

The Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland,* 137 S. Ct. at 1517.  DIFF Scale does not dispute that Calix is incorporated outside of the State of Texas. [Dkt. 1, Complaint at ¶ 18]. In that Calix's State of incorporation is Delaware, and therefore Calix does not reside in this District, Calix's state of residence cannot be the basis for finding proper venue.

#### B. Calix Lacks a "Regular and Established Place of Business" in this District

Having determined that Calix does not "reside" in this District under the first inquiry, in order for venue to be proper under the second inquiry, (1) this district must be "where [Calix] has committed acts of infringement" and (2) where Calix "has a regular and established place of business." While Calix denies that it has committed any acts of infringement in this District, it concedes that DIFF Scale has alleged infringing products were sold in this District. As such, only the "regular and established place of business" limitation is relevant for purposes of this motion.

For venue in a patent infringement case to be proper under section 1400(b), "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d at 1360. Calix does not have a "regular and established place of business" in this District because Calix does meet any of the three above-stated requirements.

First, Calix does not have a physical presence in this District. The principal place of business for Calix is in Petaluma, California as admitted by DIFF Scale. [Complaint, ¶ 18]. DIFF Scale also admits that Calix maintains a corporate office at 2350 Campbell Creek Blvd., Suite 100 in Richardson, Texas 75082. [*Id*. at ¶ 19; Howland Decl. at ¶ 13]. However, the Richardson, Texas office of Calix is not located within this District. A review of the court locator page on the Eastern District of Texas website (http://www.txed.uscourts.gov/court-locator) indicates that Richardson, Texas and the 75082 zip code where Calix has an office is not within the Eastern District of Texas boundaries. The Calix Richardson, Texas office is located in Dallas County. [Howland Decl. at ¶ 13]. Being so, the physical presence of Calix within the state of Texas is not in this District.

Second, Calix does not own or lease any property in Texas other than the 2350 Campbell Creek Blvd. office in Richardson, Texas [Howland Decl. at ¶ 17]. In addition, other than the Richardson office, Calix does not maintain any warehouses, distribution centers, offices, or other facilities in Texas. [*Id*.]. Therefore, there is no "regular and established place of business" in this District that can be considered the place of Calix.

DIFF Scale bears the burden of establishing proper venue. *In re ZTE (USA), Inc.*, No. 2018-113, slip op. (Fed. Cir. May 14, 2018). In this case, DIFF Scale is unable to do so. Accordingly, venue in the Eastern District of Texas is improper under § 1400(b) and this action should be dismissed.

**C. In the Alternative, the Court Should Transfer this Matter to the Northern District of California**

28 U.S.C. § 1406(a) provides that the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. In this particular matter, should the Court not dismiss the case, then in the interest of justice the case should be transferred to the Northern District of California ("NDCAL"). Jurisdiction and venue considerations cannot be in dispute in NDCAL. Calix's principal office and corporate headquarters are in Petaluma, California, located within the boundaries of NDCAL. This fact fulfills the requirement under section 1406 that the district to which the case is transferred is one in which the case could have been brought.

The Howland Declaration establishes the following pertinent facts demonstrating that transferring this case to NDCAL is in the interest of justice.

- Calix's Petaluma location serves as the company's corporate headquarters and together with the San Jose location is the home office of Calix's System Product Management and other high-level management. [Howland Decl. ¶ 7].

- Within the United States, Calix maintains ███████████████ facilities in ███████████████████████████. [Howland Decl. ¶ 6]. Other Calix facilities in the United States include Santa Barbara, California, Minneapolis, Minnesota, and Richardson, Texas. [*Id.*].

- A majority of Calix's ███████████████ personnel in the United States are located in the Petaluma and San Jose offices in Northern California. As of January 1, 2018, the two offices employed ███ full-time ███████████████ employees,

4

making up approximately two-thirds of Calix's total domestic, full-time ▓▓▓▓ ▓▓▓▓▓ personnel ▓▓▓▓▓▓▓▓▓▓▓▓▓▓. [Howland Decl. ¶ 8].

- Calix personnel in Northern California were and are primarily responsible for the ▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for Calix's ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ and the ▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, each being accused products. [Howland Decl. ¶ 9].

- The individuals most knowledgeable about the operation of the accused products are located in Northern California, and it would be disruptive and costly for those individuals to travel to Texas. Potential witnesses include ▓▓▓▓▓▓▓, Advanced Architecture – Systems Engineer (Petaluma), ▓▓▓▓▓▓▓, Director of Hardware Engineering (Petaluma), and ▓▓▓▓▓▓▓, VP of Products (San Jose). [Howland Decl. ¶ 10].

- The bulk of Calix's documentation concerning the design and operation of the accused products is located in Northern California. Source code related to the accused products is maintained in California. [Howland Decl. ¶ 11].

- At the direction of personnel located in Northern California, Calix's ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ located in Santa Barbara, California; Minneapolis, Minnesota; and Nanjing, China also contributed to the accused products. [Howland Decl. ¶ 12].

- Calix's only presence in Texas is at 2350 Campbell Creek Boulevard, Richardson, Texas 75082. I am informed and believe that Calix's Richardson office is within Dallas County. [Howland Decl. ¶ 13].

- At Calix's Richardson, Texas location, Calix personnel are responsible for ▓▓▓▓▓ ▓▓▓▓▓▓▓▓. The ▓▓▓▓▓▓▓▓▓▓▓ performed there is done in support of the research or design activities occurring at other locations. [Howland Decl. ¶ 14].

- None of the personnel in Richardson are in managerial roles related to research and development.  None of the personnel at the Richardson location are responsible for the design of any accused products. [Howland Decl. ¶ 15].

- Other than the Richardson location, Calix does not own or lease any property in Texas and does not maintain any warehouses, distribution centers, offices, or other facilities in Texas. [Howland Decl. ¶ 17].

- Calix's website does not list any facilities in Texas other than the location in Richardson.  Nor does Calix post any job listings for positions based in Texas other than those located in Richardson. [Howland Decl. ¶ 18].

- The E3, E5, and E7 product lines accused by DIFF Scale are designed by Calix, but include components that Calix purchases from third-party suppliers.  For example, the E3, E5, and E7 products incorporate chipsets supplied by ▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇▇▇▇ is headquartered in ▇▇▇▇▇▇▇▇ is headquartered in ▇▇▇▇▇▇▇▇, and ▇▇▇▇ is headquartered in ▇▇▇▇▇▇▇▇. [Howland Decl. ¶ 19]. At least ▇▇▇▇▇▇ would be subject to the compulsory process exercised by the Northern District of California.[1]

- Based on my reasonable investigation, including a review of Calix's employment records, I am informed and believe that all of Calix's accounting personnel are located in

---

[1] DIFF Scale has separately accused ▇▇▇▇▇▇▇▇▇▇▇▇ of infringing some of the same patents that Calix has been accused of infringing. (See Civil Action Nos. ▇▇▇▇; ▇▇▇▇▇▇▇▇▇▇▇▇, respectively).

██████████, including for the accused products. No accounting personnel are located in Texas. [Howland Decl. ¶ 20].

- Based on my reasonable investigation, I am informed and believe that Calix's marketing function is decentralized, with the Chief Marketing Officer based in ██████. [Howland Decl. ¶ 21].

- Based on my reasonable investigation, I am informed and believe that Calix's sales function was previously based in ██████, but is now headed by remote personnel in ██████, with a concentration of personnel based in the ██████ area. [Howland Decl. ¶ 22].

As a result of the substantial proof and evidence being located in the Northern District of California, it would be in the interest of justice to transfer the case there in the event the Court decides not to dismiss the Complaint.

## IV. CONCLUSION

Venue is improper. Calix neither "resides" nor does it have a "regular and established place of business" in this District. Therefore, the Complaint should be dismissed for improper venue. In the alternative, should the Court elect to transfer this case in the interest of justice, the matter should be transferred to the Northern District of California.

Dated: May 17, 2018                                         Respectfully submitted,

*/s/ Brian Craft*_____
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
Findlay Craft, P.C.
102 N. College Ave, Ste 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Neel Chatterjee
Ian Chen
David Simson
Brett Schuman
Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025
650-752-3256 (t)
650-471-6094 (f)
NChatterjee@goodwinlaw.com
IanChen@goodwinlaw.com
DSimson@goodwinlaw.com
BSchuman@goodwinlaw.com

***COUNSEL FOR DEFENDANT CALIX INC.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on May 17, 2018.

*/s/Brian Craft*_____
Brian Craft

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal by the Motion for Leave to File Under Seal filed in this case (Dkt. No. 12).

>  */s/Brian Craft*_____
>  Brian Craft